UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 06-143-GFVT

GREGORY N. ANDERS,                                                                    PLAINTIFF,

V.                          **MAGISTRATE JUDGE'S REPORT
                             AND RECOMMENDATION**

MICHAEL J. ASTRUE,
Commissioner of Social Security,                                          DEFENDANT.

## I. INTRODUCTION

Plaintiff, Gregory Anders, brought this action under 42 U.S.C. § 405(g) to challenge

a final decision of the Defendant Commissioner denying Plaintiff's application for Disability

Insurance Benefits ("DIB"). This matter has been referred to the undersigned for preparation

of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [R. 11.] Now ripe

for decision on the parties' motions for summary judgment, and for the reasons set forth

herein, it is recommended that Plaintiff's motion for summary judgment [R. 9] be denied,

Defendant Commissioner's motion for summary judgment [R. 10] be granted, and Judgment

be entered affirming the final decision of the Commissioner.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his application for DIB on July 8, 2003. [Tr. 55-57.] The claim was

denied initially and on reconsideration. [Tr. 33-36; 38-40.] At Plaintiff's request, an

administrative hearing, presided over by Administrative Law Judge James D. Kemper, Jr.

("ALJ"), was conducted on September 21, 2005.  [Tr. 16-22.]  Plaintiff, accompanied by counsel, testified at the hearing.  [Id.]  Also testifying was vocational expert Dr. Dean Owen ("VE").   On December 1, 2005, the ALJ found that Plaintiff was not disabled and, consequently, not entitled to DIB.  [Tr. 21-22.]  The Appeals Council declined to review the ALJ's decision [Tr. 4-6], and Plaintiff now seeks judicial review.

Plaintiff was forty-six (46) years old at the time of the administrative decision.  [Tr. 16.]  Plaintiff has a high school education, and his past relevant work experience consists of employment as a long haul truck driver.  [Tr. 237-38.]  At the hearing, Plaintiff testified that he has back pain which radiates down his legs.  [Tr. 241-42, 246.]  He can only sit for 15-20 minutes at a time, before needing to stand up.  [Tr. 242.]  Plaintiff stated that he could lift a gallon of milk and that he could not walk the length of a football field without stopping to rest.  [Id.]  Plaintiff reported that he takes several medications, including Tenormin for his blood pressure, Lorcet for pain, and Valium for his nerves.  [Tr. 242-43.]  He stated that the medication helps his pain [Tr. 246, 253] but causes drowsiness [Tr. 243].  Plaintiff also testified that he has problems with his nerves and depression.  [Tr. 243, 248.]

In determining whether a claimant is disabled, an ALJ undertakes a five-step sequential evaluation process pursuant to 20 C.F.R. §§ 404.1520, 416.920.  This process was summarized by the Sixth Circuit Court of Appeals in Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 474 (6th Cir. 2003):

> To determine if a claimant is disabled within the meaning of the Act, the ALJ employs a five-step inquiry defined in 20 C.F.R. § 404.1520.  Through step four, the claimant bears the burden of proving the existence and severity of

limitations caused by her impairments and the fact that she is precluded from performing her past relevant work, but at step five of the inquiry, which is the focus of this case, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile.

336 F.3d at 474 (internal citations omitted).

At the first step of the sequential evaluation process in the instant case, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 7, 2003, the alleged onset date of disability. [Tr. 21.] At the second step, the ALJ found that Plaintiff's medically determinable impairments were severe within the meaning of the Regulations, see 20 C.F.R. §§ 404.1520(c), 404.1521, 416.920(c), 416.921. [Id.] Those impairments included hypertension and low back pathology. [Id.] At the third step, the ALJ found that Plaintiff's medically determinable impairments did not meet or medically equal an impairment in the Listings, see generally 20 C.F.R. pt. 404, subpt. P, app. 1. [Id.] At the fourth step, the ALJ found that Plaintiff was unable to perform his past relevant work, see 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1). [Tr. 22.] At the fifth and final step, taking into consideration Plaintiff's age, educational background, past relevant work experience, and residual functional capacity ("RFC") to perform work-related activities despite any physical and mental limitations, the ALJ applied Medical-Vocational Rule 203.29, see 20 C.F.R. Pt. 404, Subpt. P, app. 2 § 203.29, which directed a finding of "not disabled." [Id.]

Applying Medical-Vocational Rule 203.29, the ALJ found Plaintiff not disabled at step five of the sequential evaluation process. See 20 C.F.R. §§ 404.1520(g). The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final

decision of the Commissioner on June 28, 2006. [Tr. 4.] Plaintiff thereafter filed this action and the parties' motions for summary judgment [R. 9 & 10] are now ripe for review.

III. ANALYSIS

A. General Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence. 42 U.S.C. § 405(g); Abbott v. Sullivan, 905 F.2d 918, 922 (6th Cir. 1990); see also Jones v. Sec'y of Health & Human Servs., 945 F.2d 1365, 1368-1369 (6th Cir. 1991). Substantial evidence is "such evidence as a reasonable mind shall accept as adequate to support a conclusion." It is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner v. Heckler, 745 F.2d 383, 388 (6th Cir. 1984).

Furthermore, the Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir.1993); see also Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389-90 (6th Cir. 1999).

The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm. Kirk v. Sec'y of Health & Human

4

Servs., 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983); Studaway v. Sec'y of Health & Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987).  Finally, "[t]he court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."  Bradley v. Sec'y of Health & Human Servs., 862 F.2d 1224, 1228 (6th Cir. 1988) (citing Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir.1987)).

     B. Plaintiff's Argument

     Plaintiff's sole argument on appeal to this Court is that the ALJ, in violation of 20 C.F.R. § 404.1513(d)(4), failed to state that he considered the third party function report completed by Plaintiff's mother, Bobbie Anders, as part of the disability determination.  [See R. 9 at 3-7.]  Plaintiff argues that Ms. Anders' third party report supports the seriousness of his allegations.  [Id. at 3.]  This is important, Plaintiff contends, because the ALJ found that Plaintiff's allegations regarding his limitations were not totally credible.  [Id.]

     In her third party function report, Ms. Anders reported, among other things, that Plaintiff could lift "maybe 10 lbs." and walk "1/5 of [a] mile."  [Tr. 93.]  She further indicated, however, that he could only walk "about 10 ft." before needing to rest.  [Id.]  Ms. Anders also reported that the Plaintiff had a back brace that was prescribed by a doctor and that he uses it "mostly when walking."  [Tr. 94.]

     Pursuant to 20 C.F.R. § 404.1513(d), the Regulation governing medical and other evidence of impairments, an ALJ may consider, in addition to evidence from an acceptable

medical source[1], other sources for purposes of determining the severity of an impairment and its impact on a claimant's ability to work.  The Regulation includes an extensive list of individuals qualifying as other sources: nurse-practitioners, physician's assistants, naturopaths, chiropractors, audiologists, therapists, school teachers, counselors, early intervention team members, developmental center workers, daycare center workers, public and private social welfare agency personnel, spouses, parents, caregivers, siblings, other relatives, friends, neighbors, and clergy.  Id.  It is apparent from the breadth of the Regulation that an ALJ has wide latitude to consider evidence from a variety of sources in determining whether a claimant is disabled.

Although 20 C.F.R. § 404.1513(d) provides that an ALJ may consider evidence from a wide variety of sources other than acceptable medical sources, the Regulation does not mandate that an ALJ specifically discuss such evidence or that an ALJ make explicit that such evidence was considered in the disability determination.  Generally, in a Social Security disability benefits case, an ALJ need not discuss every piece of evidence in the record for the decision to stand.  Thacker v. Comm'r of Soc. Sec., 2004 U.S App. LEXIS 10277 at *9 (6th Cir. May 21, 2004); Barlow v. Sullivan, 1991 U.S. App. LEXIS 4121 at *16 (6th Cir. March 7, 1991); see also Allison v. Comm'r of Soc. Sec., 1997 U.S. App. LEXIS 4483 at *9 (6th Cir. March 6, 1997).  However, the Sixth Circuit has held that perceptible weight must be

---

[1] Acceptable medical sources include licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists.  20 C.F.R. § 416.1913(a).

afforded to lay testimony[2] where it is fully supported by the medical evidence.  Lashley v. Sec'y of Health & Human Servs., 708 F.2d 1048, 1054 (6th Cir. 1983); see also Stamper v. Harris, 650 F.2d 108, 111 (6th Cir. 1981).

The instant case is factually similar to Higgs v. Bowen, 880 F.2d 860 (6th Cir. 1988). In Higgs, the Sixth Circuit held that it was not error for the Appeals Council, in reversing the decision of the ALJ to grant benefits, to fail to spell out in its opinion the weight it attached to the testimony of the claimant and her husband.  Id. at 864.  The Sixth Circuit concluded that the Appeals Council's all-encompassing statement that it considered the entire administrative record was sufficient.  Id.

Similar to the claimant in Higgs, Plaintiff argues that the ALJ's decision should have made it clear that Ms. Anders' third party function report was considered in the disability determination.  Similar to the Appeals Council in Higgs, the ALJ in the instant case included in his decision the following all-encompassing statement: "Upon reviewing all of the evidence of record, the undersigned Administrative Law Judge concludes the claimant is not disabled within the meaning of the Social Security Act." [Tr. 16.]  Therefore, in accordance with Higgs, it was not error for the ALJ in the instant case to omit specific reference to Ms. Anders' third party function report.  See Dunlap v. Barnhart, 2004 U.S. Dist. LEXIS 6343 at *28-30 (W.D. Tenn. March 15, 2004).

---

[2] It should be noted that statements contained in third party function reports, like the ones at issue in this case, are not testimony received during an administrative hearing.  Nonetheless, the statements are analogous to the extent that the individuals supplying the information in a third party function report must declare under the penalty of perjury that the information is true and correct to the best of the individual's knowledge.  [See, e.g., Tr. 96.]

Plaintiff, however, contends that <u>Higgs</u> is not controlling because it was decided before the July 3, 2000 revision to the Social Security and Supplemental Security Income Disability Regulations regarding sources of evidence for establishing the existence of a medically determinable impairment.  With regard to revisions to 20 C.F.R. § 404.1513, the Social Security Administration explained as follows:

> We are redesignating prior paragraph (e) of [20 C.F.R. § 404.1513], "Information from other sources," as paragraph (d).  Our intent in switching the positions of these two paragraphs is to make it clearer that, when we decide whether the evidence in a case is complete enough for a determination, we consider all the evidence in the case record, including the medical evidence form acceptable medical sources identified in paragraph (a), information from the individual, and any evidence that may have been provided by other sources, such as those identified in final paragraph (d).

65 Fed. Reg. 34950 (June 1, 2000).

The explanation to the revision does make clear that once the evidence is deemed complete, the ALJ must consider the entire record, including evidence from non-medical sources such as third-party function reports.  The explanation does not, however, demonstrate an intent that 20 C.F.R. § 404.1513(d) be interpreted as requiring an ALJ to discuss every piece of non-medical source evidence found in the record.  Thus, the explanatory section to the revisions of 20 C.F.R. § 404.1513 does not alter the precedential value of <u>Higgs</u>, and Plaintiff's argument is without merit.

Moreover, even if Ms. Anders' third party function report is accorded the same status as lay testimony, the Sixth Circuit requires an ALJ to afford perceptible weight to lay testimony, or in this case a third party statement, only where it is fully supported by the

8

medical evidence.  See Lashley, 708 F.2d at 1054; see also Stamper, 650 F.2d at 11. Plaintiff, however, does not even argue that the statements contained in Ms. Anders' third party function report are fully supported by the medical evidence.  Based on Plaintiff's demeanor and a review of the medical evidence, the ALJ determined that Plaintiff's allegations regarding his limitations were not fully credible.  [See Tr. 20.]  For the same reasons and to the extent that Ms. Anders' statements reiterate Plaintiff's allegations, they are not fully supported by the medical evidence.

Here, when viewed in its entirety, the record contains substantial evidence to support the ALJ's determination that Plaintiff retained the RFC to perform a wide range of medium work.  That some of the evidence in the record may support a contrary conclusion is insufficient grounds for reversal.  See Casey, 987 F.2d at 1233; Her, 203 F.3d at 389-90. Accordingly, it will be recommended that the Commissioner's decision finding Plaintiff not disabled be affirmed.

## IV. CONCLUSION

Therefore, for the reasons set forth above, it is recommended that: Defendant Commissioner's motion for summary judgment [R. 10] be granted; Plaintiff's motion for summary judgment [R. 9] be denied; Judgment be entered affirming the Commissioner's final decision and dismissing this action with prejudice; and, that this action be stricken from the Court's docket.

Specific objections to this Report and Recommendation must be filed within ten days from the date of service thereof or further appeal is waived.  United States v. Campbell, 261

F.3d 628, 632 (6th Cir. 2001); <u>Bituminous Cas. Corp. v. Combs Contracting Inc.</u>, 236 F.

Supp. 2d 737, 749-750 (E.D. Ky. 2002).  General objections or objections that require a

judge's interpretation are insufficient to preserve the right to appeal.  <u>Cowherd v. Million</u>,

380 F.3d 909, 912 (6th Cir. 2004); <u>Miller v. Currie</u>, 50 F.3d 373, 380 (6th Cir. 1995). A party

may file a response to another party's objections within ten days after being served with a

copy thereof.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed May 7, 2007.



Signed By:

_Edward B. Atkins_   &#8455;&#946;&#1472;

United States Magistrate Judge

10