UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| GREGORY NEAL ANDERS | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 06-143-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **ORDER** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Plaintiff, Gregory Neal Anders ("Anders"), brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant, the Commissioner of Social Security ("Commissioner"), which denied his application for disability insurance benefits. [R. 2]. Consistent with the Court's practice and pursuant to 28 U.S.C. § 626(b)(1), this matter was referred to United States Magistrate Judge Edward B. Atkins for the issuance of a Report and Recommendation ("R & R") containing the proposed findings and recommendations. [R. 11.]

On May 7, 2007, Magistrate Judge Atkins filed his Report and Recommendations ("R&R"). [R. 12].  It concluded that the decision of the administrative law judge ("ALJ") was supported by substantial evidence despite the ALJ's failure to specifically state that he considered the third party function report/letter completed by the Plaintiff's mother, Bobbie Anders. [*Id*. at 5]. Specifically, the R&R concludes that the 2000 revision to 20 C.F.R. §404.1513, the Social Security and Supplemental Security Income Disability Regulation regarding the sources of evidence for establishing the existence of a medically determinable impairment, does not require the ALJ to identify every piece of evidence that he or she considers, but rather only requires the

ALJ to consider the entire record. [*Id.*]; *see also Higgs v. Bowen*, 880 F.2d 860 (6th Cir. 1988).

On May 8, 2007, Anders filed his Objections to the R & R. [R. 13]. Anders objects to the above-noted conclusion of the R & R that the ALJ is not required to specifically identify every piece of evidence and that the *Higgs* opinion has been superseded by the 2000 revision. [*Id.*]. Rather than articulate any specific objection to the R&R, the Plaintiff's Objections merely re-hash, in shortened form, the same argument rejected by the Magistrate Judge in the R&R. The Commissioner filed a response to the Objections. [R. 14].

  This Court must make a *de novo* determination of those portions of the R & R to which objections are made. 28 U.S.C. § 636(b)(1)(c). First, with regard to the 2000 revisions, the Social Security Administration explained as follows:

> We are redesignating prior paragraph (e) of those sections, "Information from other sources," as paragraph (d). Our intent in switching the positions of these two paragraphs is to make it clearer that, when we decide whether the evidence in a case is complete enough for a determination, we consider all the evidence in the case record, including the medical evidence from acceptable medical sources identified in paragraph (a), information from the individual, and any evidence that may have been provided by other sources, such as those identified in final paragraph (d).

65 Fed. Reg. 34950, 34952 (June 1, 2000). The explanation above makes it clear that once the evidence is deemed complete, the ALJ must consider the entire record, including evidence from non-medical sources such as third-party function reports. The explanation does not, however, impose a requirement on an ALJ to discuss every piece of non-medical source evidence found in the record. Thus, this Court finds that the Magistrate Judge correctly held that the subsequent revision of 20 C.F.R. § 404.1513(d)(4) does not alter the precedential value of *Higgs*.

  Next, the Magistrate Judge correctly found that the ALJ did not commit error in this case by failing to specifically state that he considered the letter from Anders' mother in reaching his

conclusions. In reaching his conclusion, the ALJ noted that he had reviewed "all of the evidence of record." This is sufficient under *Higgs*. In sum, having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's R & R. [R. 12.]

Accordingly, the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1      The Plaintiff's Objections to the Magistrate's Report and Recommendation [R. 13] are **OVERRULED**;

2      The Magistrate Judge's Report and Recommendation [R. 12] is **ADOPTED** as and for the opinion of this Court;

3      The Plaintiff's Motion for Summary Judgment [R. 9] is **DENIED**;

4      The Defendant's Motion for Summary Judgment [R. 10] is **GRANTED**; and

5      **JUDGMENT** in favor of the Defendant will be entered contemporaneous herewith.

This the 21st day of March, 2008.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge